IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| JORGE SUAREZ,<br><br>Plaintiff,<br><br>v.<br><br>CAMDEN PROPERTY TRUST,<br>CAMDEN DEVELOPMENT, INC., and<br>CSP COMMUNITY OWNER, LP f/k/a<br>CSP COMMUNITY OWNER, LLC,<br>d/b/a CAMDEN WESTWOOD,<br><br>DEFENDANTS. | Case No. 5:17-cv-124-D |
| JORGE SUAREZ,<br><br>PLAINTIFF,<br><br>v.<br><br>CAMDEN PROPERTY TRUST,<br>CAMDEN DEVELOPMENT, INC., and<br>CSP COMMUNITY OWNER, LP f/k/a<br>CSP COMMUNITY OWNER, LLC,<br>d/b/a CAMDEN WESTWOOD.<br><br>DEFENDANTS. | Case No. 5:18-cv-455-D |

## FINAL ORDER AND JUDGMENT

This matter comes before the Court on Debra Rhino, Kristina Kish, Christopher Knapp, Florencia Hernandez, Bruno Asobo, Heather Mitchell, and Susan Reddick (collective, "New Class Representatives") (collectively, "Plaintiffs") unopposed motion for final approval of class action settlement and Class Counsel's fee application and request for approval of service awards in the above referenced matter. Having considered the written submissions and after hearing oral argument at the fairness hearing on July 30, 2021, the Court grants Plaintiffs' unopposed motion

for final approval of the parties' settlement and grants Class Counsel's fee application and request for service awards to the Class Representatives. The grounds supporting these rulings follow.

## BACKGROUND

### Suarez *I History*

1.      On or about January 24, 2017, Suarez filed a putative class action against Defendants in the General Court of Justice, Superior Court Division of Wake County, North Carolina, Case No. 17 CVS 1037 ("*Suarez* I"). Suarez alleged Defendants violated N.C.G.S. §§ 42-46 and 75-54 *et seq.* by automatically assessing tenants three fees for filing an eviction: (1) a $96.00 eviction complaint filing fee ("Filing Fee"), (2) a $30.00 service fee ("Service Fee"), and (3) an attorneys' fee ("Attorneys' Fee") (collectively, "Eviction Fees").

2.      On March 10, 2017, the Defendants removed the case to the United States District Court for the Eastern District of North Carolina [*Suarez* I, DE 1].

3.      On April 10, 2017, Defendants answered the complaint. [*Suarez* I, DE 16]. The parties subsequently engaged in substantial written discovery, including the production of over a million pages of documents. In addition, the parties took the depositions of Mr. Suarez, and several employees of Defendants as well as a 30(b)(6) representative of Defendants.

4.      On March 21, 2018, Defendants moved for summary judgment. [*Suarez* I, DE 34.] On April 5, 2018, Suarez filed a motion to certify class. [*Suarez* I, DE 39]. On May 11, 2018, Suarez filed a motion for partial summary judgment. [*Suarez* I, DE 43]. On June 25, 2018, the North Carolina General Assembly amended N.C. Gen. Stat. § 42-46 to add two subsections—(i) and (j)—that expressly authorized landlords to charge and recover out-of-pocket expenses, including Eviction Fees, and to include these amounts in the amount required to cure a default (the "Amendment").

2

5. In light of the Amendment, on July 20, 2018, Defendants filed a supplemental memorandum in support of their motion for summary judgment. [*Suarez* I, DE 63]. On July 27, 2018, the parties filed additional responses regarding the Amendment. [*Suarez* I, DE 65, 66].

6. On March 21, 2019, the District Court granted Defendants' Motion for Summary Judgment in the Action and denied Suarez' Motion to Certify the Class as moot. [*Suarez* I, DE 68.] On the same date, the Court entered judgment for Defendants. [*Suarez* I, DE 69]. On April 4, 2019, Suarez filed a Notice of Appeal to the United States Court of Appeals for the Fourth Circuit. [*Suarez* I, DE 70].

7. On June 15, 2020, while the appeal was pending, Suarez filed a Voluntary Petition for Individuals Filing for Bankruptcy pursuant to Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Petition"). *In re Suarez*, 20-16510-LMI, D.E. 1 (Bankr. S.D. Fla. June 15, 2020). The United States Bankruptcy Court for the Southern District of Florida appointed Barry E. Mukamal (the "Bankruptcy Trustee") as the trustee of bankruptcy estate created by Suarez's Bankruptcy Petition.

8. On June 19, 2020, the Fourth Circuit issued its unpublished opinion affirming in part, reversing in part, and remanding *Suarez I* to the District Court. On July 6, 2020, Defendants filed a petition for rehearing and rehearing en banc. On July 21, 2020, the Fourth Circuit denied Defendants' motion for rehearing and rehearing en banc.

9. On September 11, 2020, the Bankruptcy Trustee and Camden entered into a settlement agreement in the matter *In re Jorge Luis Suarez, Jr.*, No. 20-16510-LMI (Bankr. S.D. Fla. Sep. 16, 2020) D.E. 32-1.

10. On September 29, 2020, the Fourth Circuit issued its mandate and remanded *Suarez I* to the District Court. On September 29, 2020, Defendants filed a Motion to Stay *Suarez I* pending

3

approval of the settlement between the Bankruptcy Trustee and Camden by the United States Bankruptcy Court for the Southern District of Florida. [*Suarez* I, DE 79]. Due to this issue, Plaintiffs' counsel had to hire bankruptcy attorneys in Florida. Specifically, Plaintiffs' counsel hired the law firm of Genovese Joblove & Batista PA in order to prevent any putative class members' claims being potentially extinguished in this matter.

11. On October 2, 2020, the Intervening Plaintiffs filed a Motion to Substitute Class Representative and/or Intervene ("Motion to Substitute"). [*Suarez* I, DE 84] While the Motion to Stay and the Motion to Substitute was pending before the Court, the Parties engaged in arms' length settlement discussions, and on November 2, 2020, the Parties reached an agreement in principle to jointly resolve *Suarez I* and *Suarez II* contingent upon the negotiation and execution of this Settlement Agreement and approval by the District Court.

Suarez *II History*

12. On July 30, 2018, Suarez filed a second putative class action against Defendants in the General Court of Justice, Superior Court Division of Wake County, North Carolina, Case No. 18 CVS 9566 ("*Suarez* II"). *Suarez* II alleged Defendants violated the NCDCA by attempting to collect debts through the service of Final Account Statements to former tenants. On or about September 21, 2018, Defendants removed Suarez II to the District Court pursuant to CAFA. [*Suarez* II, DE 1]. On October 5, 2018, Defendants moved to dismiss the Complaint in Suarez II. [*Suarez* II, DE 17]. On October 26, 2018, Suarez filed an Amended Complaint against Defendants. [*Suarez* II, DE 20]. On November 9, 2018, Defendants moved to dismiss Suarez' Amended Complaint, [*Suarez* II, DE 21], which Suarez opposed. On February 1, 2019, Suarez filed a motion to remand Suarez II to state court, [*Suarez* II, DE 27], which Defendants opposed. On July 29,

4

2019, the Court entered an order denying as moot Suarez' motion to remand and granting in part and denying in part Defendants' Motion to Dismiss. [*Suarez* II, DE 36].

13. On August 28, 2019, Defendants filed their answer to Suarez' Amended Complaint and filed a counterclaim against Suarez. [*Suarez* II, DE 38]. On October 9, 2019, Suarez filed a motion to dismiss Defendants' counterclaim. [*Suarez* II, DE 40]. On November 20, 2019, Defendants amended their answer and counterclaim. [*Suarez* II, DE 46]. On December 13, 2019, Suarez moved to dismiss Defendants' amended counterclaims. [*Suarez* II, DE 47]. On January 3, 2020, Defendants filed their opposition to the motion to dismiss the amended counterclaims [*Suarez* II, DE 50], and, on February 7, 2020, Suarez filed a reply in support of the motion to dismiss the amended counterclaims. [*Suarez* II, DE 59]. On September 8, 2020, the Court granted Suarez' motion to dismiss the amended counterclaims. [DE 62].

14. On September 29, 2020, Defendants filed a Motion to Stay *Suarez II* pending approval of the settlement between the Bankruptcy Trustee and Camden by the United States Bankruptcy Court for the Southern District of Florida. [*Suarez* II, DE 63]. While the Motion to Stay was pending before the Court, the Parties engaged in arms' length settlement discussions, and on November 2, 2020, the Parties reached an agreement in principle to jointly resolve *Suarez* I and *Suarez* II contingent upon the negotiation and execution of this Settlement Agreement and approval by the District Court [*Suarez* II, DE 67].

15. Prior to filing a Motion for Preliminary Approval, the Parties filed a Joint Motion to Consolidate *Suarez* I and *Suarez* II for purposes of effectuating efficient approval and administration of the settlement of both cases.

## SETTLEMENT TERMS

16.     The Settlement Agreement provides monetary relief of $5,269,396.00, which is composed of a Cash Fund of $2,100,000.00, and Debt Relief of approximately $3,169,396.00. Each Settlement Class member is a member of one or two classes. The Collection Letter Class is defined as "All natural persons who (a) at any point between January 27, 2013, and June 25, 2018, (b) resided in any of Defendants' Properties and (c) received a letter that threatened that Defendants would file a summary ejectment lawsuit, an eviction action, or notice to vacate the premises if the person failed to make a complete rental payment and that once the summary ejectment lawsuit was filed, the tenant would be charged Eviction Fees in order to dismiss the eviction action." The Eviction Fee Class is defined as "All natural persons who (a) at any point between January 27, 2013, and June 25, 2018, (b) resided in any of Defendants' Properties and (c) were charged and (d) actually paid Eviction Fees." The Final Account Statement Class is defined as "For the period of time between July 30, 2014, through November 1, 2018, all consumers throughout the State of North Carolina who were sent a Final Account Statement."

17.     Collection Letter Class members were eligible to receive $50.00 per letter sent to them by Defendants up to $150.00 if they made a valid claim. The Final Account Statement Class was eligible to receive $100.00 if they filed a valid claim. Eviction Fee Class members were eligible to receive an estimated $225.00 per instance in which they were charged and paid approximately $191.00 without having to file a claim. Eviction Fee Class members may also be Collection Letter Class members and Final Account Statement Class members and file claims for such benefits. Any amounts not claimed from the Collection Letter Class or the Final Account Statement Class would be redistributed evenly to the members of the Eviction Fee Class Members.

6

18. Under the settlement, all costs of notice and claims administration have been paid by Defendants out of the monetary relief. Court-approved fees and expenses for Class Counsel and service awards for the Class Representatives will be paid by Defendants out of the monetary relief.

19. In addition, certain Settlement Class members were eligible to request non-monetary relief in the form of a *Consent Motion to Set Aside Judgment for Possession Pursuant to Rule 60(b)(5) and Stipulation of Dismissal*. The consent motion allows certain Settlement Class members to set aside judgments entered against them by Defendants for possession of the rental property; however, Settlement Class members have the obligation of filing the motion.

## APPROVAL OF CLASS NOTICE

20. The Settlement Classes have been notified of the settlement pursuant to the plan approved by the Court. After having reviewed the Post-Notice Declarations of the Settlement Administrator, which was responsible for carrying out the notice program, the Court hereby finds that the notice was accomplished in accordance with the Court's Order. The Court further finds that the notice program constituted the best practicable notice to the Settlement Classes under the circumstances and fully satisfies the requirements of due process, Fed. R. Civ. P. 23, and 28 U.S.C. § 1715.

## APPROVAL OF THE SETTLEMENT

21. The Court finds that the parties' settlement is fair, reasonable and adequate in accordance with Rule 23; was reached at arm's length without collusion or fraud; and satisfies all of the requirements for final approval. The Court has considered the complexity, expense and likely duration of the litigation if the settlement is not approved; the odds of the plaintiffs succeeding at trial balanced by the risks of continued litigation; the range of possible recovery if

7

Case 5:17-cv-00124-D   Document 109   Filed 07/30/21   Page 7 of 14

the case is tried; the opinions of Class Counsel and the class representative; and the degree of opposition to the settlement.

22. The Court recognizes that no Settlement Class members objected to the settlement, and only one Settlement Class member has chosen to opt-out of the settlement and has filed a valid and timely request for exclusion. Accordingly, the individual identified in the Declaration of the Settlement Administrator shall be excluded from the Settlement Class.

23. Notice of the proposed settlement was given to the appropriate State and Federal officials pursuant to 28 U.S.C. § 1715, and no objections or other responses have been received. Thus, Defendants have complied with 28 U.S.C. § 1715.

24. In short, the settlement is finally approved and the parties are directed to consummate the settlement in accordance with its terms.

## CERTIFICATION OF THE SETTLEMENT CLASSES

25. The Court hereby finally certifies the Collection Letter Class, the Eviction Fee Class, and the Final Account Statement Class as defined in the Settlement Agreement.

26. Excluded from the Settlement Classes are (1) persons who are employees, directors, officers, and agents of Defendants; (2) persons who timely and properly exclude themselves from the Settlement Class as provided in this Agreement; (3) anyone who has previously executed a written release of all claims against Defendants related and would otherwise be a member of the Settlement Classes; and (4) the Court, the Court's immediate family, and Court staff.

27. Based on the record before the Court, the Court hereby finds that the prerequisites of Rule 23(a) and (b)(3) have been satisfied for certification of the Settlement Classes for settlement purposes only: the Settlement Classes, which contain hundreds of members, are so numerous that joinder of all members is impracticable; there are questions of law and fact common

to the Settlement Classes; the claims of the Class Representatives are typical of the claims of the absent Settlement Class members; the Class Representatives and Class Counsel have and will adequately and fairly protect the interests of the Settlement Classes with regard to the claims of the Settlement Classes; and common questions of law and fact predominate over questions affecting only individual Settlement Class members, rendering the Settlement Classes sufficiently cohesive to warrant a class settlement.

28. In making all of the foregoing findings, the Court has exercised its discretion in certifying the Settlement Classes.

29. The Court finally appoints Scott C. Harris and Patrick M. Wallace of Milberg Coleman Bryson Phillips Grossman, PLLC, and Edward H. Maginnis and Karl S. Gwaltney of Maginnis Howard, as Class counsel. The Court appoints Randy Milroy and Dan Williams as Class Representatives.

## ATTORNEYS' FEES AND EXPENSES

30. The Settlement also provides that Defendants will not contest Settlement Class Counsel's application to the Court for payment of attorneys' fees up to the amount of $1,060,000.00 plus reimbursement of expenses and costs from the Cash Fund of the Settlement. The requested attorneys' fees amount to approximately 20% of the total monetary relief provided under the Settlement. Attorrneys' fees and reimbursement of expenses and costs were negotiated only after the substantive terms of the Settlement were agreed upon. The enforceability of the Settlement was not contingent upon these amounts being awarded.

31. For the reasons stated in Class Counsel's memorandum in support of request for attorney's fees, Class Counsel have provided sufficient information and evidence to establish the reasonableness of their fees considering the law submitted in briefing.

32. The Court finds further support for the attorney's fees in the joint declaration of Class Counsel, Scott C. Harris and Edward H. Maginnis. The declaration indicates the extensive work performed by the parties in seeking to resolve the litigation. Counsel worked comprehensively and expansively for over a two year period on the case and anticipate working more to effectuate the Settlement and assist Settlement Class members in receiving the settlement benefits. Class Counsel also has established that they obtained a highly favorable result for the Settlement Class by providing monetary and non-monetary benefits.

33. Class Counsel provided sufficient information to establish their experience, skill, and ability to successfully conduct complex litigation. The skill and labor required to litigate this action for over four years both before this Court and on appeal also favorably weighs in Settlement Class Counsel's favor.

34. After carefully reviewing the foregoing, the Court finds, in its discretion, that $1,060,000.00 is a reasonable attorney fee in light of the substantial work performed in this matter.

35. The Court finds that the parties' agreement with regard to the payment of fees and expenses was not negotiated while they were negotiating the other terms of the Settlement Agreement, and that the agreement was not the product of collusion or fraud. Instead, the amount of attorneys' fees to be paid by Defendants was proposed after the other terms of the settlement had been agreed upon.

36. The requested fee is justified under the percentage of the fund approach adopted by courts in this Circuit.

37. This fee represents 20% of the monetary relief provided to the Settlement Classes. In approving the requested fee, the Court has considered the factors listed in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978), including (1) the time and labor expended; (2) the novelty

and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. All of these factors either support the fee requested here or are neutral.

38. Class Counsel have provided declarations specifying that they have incurred $91,729.92 in the prosecution of this litigation on behalf of the classes. The Court finds their expenses were reasonably and necessarily incurred and, as a result, Class Counsel are entitled to reimbursement for their expenses, in addition to the fee award.

## SERVICE AWARD

39. The Settlement Agreement provides that Defendants, subject to Court approval, will pay $1,000 each to Debra Rhino, Kristina Kish, Christopher Knapp, Florencia Hernandez, Bruno Asobo, Heather Mitchell, and Susan Reddick (total of $7,000) for their service as Class Representatives, with such payments to be made from the Cash Fund of the settlement payment. The Court finds that payment of the service awards are appropriate in this case in light of their work on behalf of the Settlement Classes and that no Settlement Class member has objected to the service awards. The Court hereby approves the service award, which shall be paid consistent with the parties' Settlement Agreement.

## CY PRES

40. In the event that Settlement Class members fail to cash their checks within six (6) months of mailing and remaining funds are left over, as provided in the Settlement Agreement, such that the Settlement Fund has a positive balance, all remaining amounts in the Settlement Fund shall be equally divided and disbursed to the approved *cy pres* recipient: Legal Aid of North Carolina. The Claims Administrator is ordered to provide a report to Class Counsel of all money in the Cash Fund left undisbursed within fifteen (15) calendar days after the 6-month period has elapsed.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, and DECREED AS FOLLOWS:**

1. The Court hereby finally approves in all respects the Settlement set forth in the Settlement Agreement, and finds that the Settlement, the Settlement Agreement, and the plan of distribution of the Settlement funds are in all respects fair, reasonable, and adequate, and are in the best interest of the settlement class.

2. Class Counsel is hereby awarded, from the Settlement Fund, attorneys' fees in the amount of $1,060,000.00 from Defendants to be paid from the Cash Fund as set forth in the manner described in Settlement Agreement, which amount the Court finds to be fair and reasonable.

3. Class Counsel are also awarded, from the Cash Fund, a reimbursement of their expenses of $91,729.92 and the Claims Administrator is awarded its expenses for notice and administration pursuant to the Settlement Agreement.

4. The Court also finds to be fair and reasonable service award of $1,000.00 each to Debra Rhino, Kristina Kish, Christopher Knapp, Florencia Hernandez, Bruno Asobo, Heather Mitchell, and Susan Reddick, $7,000 total, to be paid from the Cash Fund.

5. Any amounts unused for the administration of the Settlement will be distributed to the *cy pres* recipient.

6. Since no member of the Class has objected to the Settlement, the Effective Date of the Settlement Agreement is the date of the signing of this order, and the Class Releasors shall release and forever discharge the Released Persons from the Released Claims; provided, however, that the individual identified in the Settlement Administrator's Declaration who requested to be excluded from the settlement shall not be deemed to have received any claims.

7. By reason of the settlement, and there being no just reason for delay, the Court hereby enters final judgment in this matter and all claims alleged by Plaintiffs are dismissed with prejudice.

8. Without affecting the finality of this judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Order and Judgment, to protect and effectuate this Final Order and Judgment, and for any other necessary purpose.

9. Pursuant to the terms of the Settlement Agreement, this action is dismissed with prejudice as against the Class Representatives, all members of the Settlement Classes and the Defendants and Released Persons.

10. Plaintiffs and the Class Members are permanently barred and enjoined from asserting any and all claims included in the Settlement Agreement's Release in any legal proceeding.

11. The parties shall bear their own costs except as provided by the Settlement Agreement and as ordered herein.

12. It is further adjudged that the Class Representatives, on behalf of themselves and members of the Settlement Classes, shall be deemed conclusively to have compromised, settled,

13

Case 5:17-cv-00124-D   Document 109   Filed 07/30/21   Page 13 of 14

discharged, dismissed, and released any and all rights, claims, or causes of action against Released Persons as provided for in the Settlement Agreement.

13. The Class Administrator shall complete administration of the class by making the payments approved by this Order in accordance with the Settlement Agreement and this Order.

SO ORDERED, this the __30__th day of July, 2021.

JAMES C. DEVER III
United States District Judge